IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW ALEXANDER O'NEILL,**

                **Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION,**

                **Defendant.**

Case No. 25-1262-DDC-BGS

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Brooks G. Severson's Report and Recommendation (Doc. 5). Judge Severson recommends that the court dismiss this case for lack of subject-matter jurisdiction and because plaintiff's Complaint fails to state a claim. *Id.* at 5. Plaintiff Matthew Alexander O'Neill[1] received notice of the right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* at 6. The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.*

The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by certified mail, using the address plaintiff provided to the court. *Id.* Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which

---

[1] Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

event service [was] completed upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). Mailing occurred on December 11, 2025, when the Clerk mailed the Report and Recommendation to plaintiff. Thus, the time for plaintiff to object expired on December 29, 2025.

Plaintiff didn't file a timely objection. Instead, he objected on January 23, 2026. Doc. 7. He didn't provide any reason for his late filing. So, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Judge Severson's Report and Recommendation (Doc. 5), the court determines that Judge Severson's analysis and conclusions are sound. Judge Severson explained that, absent waiver, sovereign immunity shields federal agencies from suit. Doc. 5 at 4. The court thus lacks subject-matter jurisdiction over plaintiff's claims and dismisses this action without prejudice. *Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) (dismissal on sovereign-immunity grounds must be without prejudice).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice. The court directs the Clerk to close this case.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Brooks G. Severson (Doc. 5) is **ACCEPTED, ADOPTED, AND AFFIRMED**.

**IT IS SO ORDERED.**

**Dated this 17th day of February, 2026, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
